UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-00402-FDW

| | |
|---|---|
| PAMELA LEE LEWIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff Pamela L. Lewis' Motion for Summary Judgment (Doc. No. 11), filed on October 27, 2016, and Defendant Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment (Doc. No. 12), filed on December 22, 2016. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 11), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 12), and AFFIRMS the Commissioner's decision.

### I. BACKGROUND

On September 4, 2012, Plaintiff filed an application for DIB and SSI benefits alleging disability due to chronic obstructive pulmonary disease, manic depression, panic attacks, bipolar disorder, and bursitis in the knees and hips. (Tr. 79-150, 206-20). After her application was denied

initially and upon reconsideration (Tr. 151-56, 161-69), Plaintiff requested a hearing (Tr. 44). The hearing commenced on October 2, 2014, and on December 17, 2014, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application. (Tr. 22-33, 44-78).

The ALJ determined that Plaintiff was not disabled. (Tr. 22-33). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date and that she had severe impairments of chronic obstructive pulmonary disease, osteoarthritis, affective disorder, anxiety disorder, personality disorder, and obesity (Tr. 24); however, those impairments did not meet or medically equal a per se disabled medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 24-6). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work with the following limitations:

> [T]he claimant can never climb ladders, ropes, scaffolds, ramps, or stairs. However, although she can occasionally stoop, she can never crouch, kneel, or crawl. The claimant is limited to frequent bilateral handling and fingering and should avoid even moderate exposure to environmental irritants such as fumes, odors and gases. She must avoid concentrated use of moving machinery and exposure to unprotected heights. The claimant is limited to work that involves simple, routine and repetitive tasks performed in an environment free of fast-paced production requirements. This work can involve only simple work related decisions and with few, if any, work place changes with no interaction with the public.

(Tr. 26). Nevertheless, in response to a hypothetical that factored in the above limitations, a vocational expert identified various jobs Plaintiff could perform that were available in significant numbers in the economy. (Tr. 32-3). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 33).

Plaintiff requested review of the ALJ's decision by the Appeals Council, and the Appeals Council denied the request for review on April 14, 2016. (Tr. 1-6). Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). Plaintiff claims that the

ALJ's decision is not based on proper legal standards and is not supported by substantial evidence as 42 U.S.C. § 405(g) requires.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). If this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

## III. ANALYSIS

On appeal to this Court, Plaintiff argues the ALJ failed to properly analyze the medical opinion evidence in the record, and he relied upon unsupported testimony from a vocational expert in reaching his conclusion that Plaintiff is not disabled. (Doc. No. 11-1). Plaintiff's assignments of error turn on two limitations within the ALJ's RFC determination and supporting discussion:

(1) Plaintiff is limited to frequent—not occasional—bilateral handling or fingering, and (2) Plaintiff is limited to a work environment with simple, routine, and repetitive tasks, free of past-paced production requirements, few, if any, work place changes, and no interaction with the public. Id. As Defendant argues in its brief, substantial evidence supports the limitations that the ALJ included in his RFC determination and hypothetical question.

### A. The ALJ's Evaluation of the Medical Opinions of Record Was Supported By Substantial Evidence.

An ALJ's determination of the weight to be assigned to each medical opinion is generally not disturbed because "opinions as to disability are reserved for the ALJ and for the ALJ alone." Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015). Unless the ALJ's assignment of weight is unsupported by substantial evidence, the Court must defer to the ALJ's determination. Hancock v. Astrue, 667 F.3d 470, 474 (4th Cir. 2012).

"When evaluating medical opinions, the ALJ should consider (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Dunn, 607 F. App'x at 267-8 (citing Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)); see also 20 C.F.R. § 404.1527(c). Citing to medical opinions in support of a conclusion, in itself, is not enough to constitute "substantial evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ must explain why each medical opinion merits more or less weight and not simply adopt the opinions without pointing to support in the record. Id.

Plaintiff claims the ALJ erred in assigning "some weight" to the opinion evidence from Dr. Stephen Burgess, M.D., Ph.D., and Dr. Timothy Lynn Johnston, D.O., and if weighed correctly, the ALJ would have concluded Plaintiff was limited to occasional—not frequent—bilateral

handling and fingering. (Doc. No. 11-2). Specifically, she argues the ALJ should have provided additional explanation of Dr. Johnston's statement that Plaintiff lacks the ability to "perform dexterous movements with the digits of her hand bilaterally." (Tr. at 29-30). The Court disagrees.

The ALJ thoroughly discussed and assessed the medical opinion evidence of record. In particular, the ALJ cited Plaintiff's October 30, 2012, examination conducted by Dr. Johnston wherein Dr. Johnston conducted a physical examination of Plaintiff. (Tr. at 29). Plaintiff reported she suffers from chronic pain in her knees and hips, and the ALJ noted that the physical examination showed Plaintiff had a normal range of motion in the spine and joints. (Tr. at 29). Additionally, the ALJ highlighted that the physical examination also showed marked swan neck deformity of the digits of the hands bilaterally giving a high suspicion of rheumatoid arthritis and poor dexterity. (Tr. at 29). Dr. Johnston opined it would be difficult for Plaintiff to use a keyboard to perform dexterous movements of the hands due to increasing pain. (Tr. at 29).

The ALJ also cited Plaintiff's March 20, 2013, internal medicine consultative examination conducted by Dr. Burgess. (Tr. at 30). During the examination, Plaintiff reported she was able to lift and carry light groceries, sit and prepare food, sweep on occasion, and take care of her personal needs without assistance. (Tr. at 30). Dr. Burgess observed Plaintiff had difficulty buttoning, but could tie and zip without much difficulty, that Plaintiff was able to make a fist, write and pick up coins with either hand without difficulty, and that the range of motion to joints of her fingers was normal bilaterally. (Tr. at 30). As a result, Dr. Burgess found no restriction on the use of Plaintiff's hands. (Tr. at 30).

The ALJ did not err when he assigned "some weight" to Dr. Johnston and Dr. Burgess' medical opinions, nor did he need to provide any additional explanation for the doctor's opinions regarding the use of Plaintiff's hands. The ALJ's assignment of "some weight" to both opinions

was supported by substantial evidence. The ALJ explained that neither Dr. Burgess nor Dr. Johnston were treating physicians; therefore their opinions were not entitled to controlling weight. (Tr. at 31). Instead, both doctors were one-time, consulting examiners whose opinion the ALJ correctly evaluated under 20 C.F.R. §§ 404.1527(c), 416.927(c). Even though the ALJ noted that neither doctor's opinion was entitled to controlling weight, he did acknowledge that their opinions were supported by objective medical evidence, trained observations, an impartial analysis of the record, and a well-reasoned conclusion. (Tr. at 31).

Plaintiff argues the ALJ should have provided an explanation as to why he did not include the additional limitations Dr. Johnston included in his opinion in Plaintiff's RFC; however, the ALJ addressed the inconsistency of Dr. Johnston's opinion with the record by citing to Plaintiff's objective medical records and treatment notes that repeatedly demonstrated normal findings regarding Plaintiff's hands. (Tr. at 28, 312, 321, 370, 384, 499, 503, 512). In addition, the ALJ gave "some weight" to opinion evidence from a state agency consultant, Dr. Hari Kuncha, and cited to Dr. Kuncha's opinion that the evidence showed Plaintiff retained the ability to tolerate work with frequent bilateral handling or fingering. (Tr. at 31). The ALJ went on to discuss the normal x-rays taken of Plaintiff's hands March 26, 2013 (Tr. at 30), and Dr. Burgess' objective physical testing of Plaintiff's hands that demonstrated Plaintiff could make a fist and write and pick up coins with either hand without difficulty. (Tr. at 30).

The ALJ thoroughly discussed and assessed the opinion evidence of record explaining how it established the specific limitations in the RFC. Accordingly, the ALJ did not err in assigning "some weight" to Dr. Burgess' or Dr. Johnston's medical opinions.

### B. The ALJ's RFC Finding Regarding Plaintiff's Difficulties With Concentration, Persistence, and Pace is Consistent With <u>Mascio v. Colvin</u>.

In <u>Mascio v. Colvin</u>, the Fourth Circuit held that restricting a claimant to simple, routine

tasks and unskilled jobs is not enough to account for a claimant's limitations in concentration, persistence, and pace. 780 F.3d 632, 638 (4th Cir. 2015).

Here, upon recognizing that Plaintiff has moderate limitations in concentration, persistence, and pace, the ALJ limited Plaintiff's RFC determination in compliance with Mascio. Id. The ALJ did not simply state that Plaintiff was limited to simple, routine, unskilled work. Instead, he further limited Plaintiff to work that is free from "fast-paced production requirements," involves only simple work-related decisions, includes few if any work place changes, and has no interaction with the public. (Tr. at 26).

The ALJ provided substantial evidence to support his RFC determination that accounted for Plaintiff's difficulties with concentration, persistence, and pace. In particular, the ALJ relied on Dr. Jerry Coffey's October 12, 2012, and March 4, 2013, psychological consultative examinations. (Tr. at 28, 29). Dr. Coffey opined Plaintiff's mental evaluations showed her to be alert and oriented in all spheres, that her immediate retention and recall was fair, and her concentration presented in the normal range. (Tr. 29). Additionally, the ALJ cited to Dr. Coffey's observation that although Plaintiff's anxiety does lead to some difficulty sustaining attention, she demonstrated the ability to understand, retain, and follow simple directions. (Tr. at 29). Citing to Plaintiff's anxiety diagnosis, the ALJ also restricted Plaintiff's interaction with the public, and limited Plaintiff to only simple, work-related decisions. (Tr. 26).

In support of his RFC determination, the ALJ cited to Dr. Sharon Skoll's (hereinafter "Dr. Skoll") opinion. Dr. Skoll, the state psychiatric consultant, opined that Plaintiff was able to maintain concentration, persistence and pace for at least short periods of time. (Tr. 31). Dr. Skoll also recognized that Plaintiff should be limited in her interpersonal demands, limited to simple instructions and procedures, and only exposed to a low stress work environment. (Tr. 31). As

stated above, the ALJ considered the state consultant's opinion but added additional restrictions to the RFC consistent with the identified limitations in Dr. Coffey's opinion.

Plaintiff does point out that the ALJ did not explicitly discuss the weight he assigned to Dr. Coffey's reports. (Doc. No. 11-1). She claims the failure prejudiced her case because the ALJ did not sufficiently account for Dr. Coffey's opinions regarding difficulties in concentration, persistence, or pace. While Defendant concedes the ALJ did not assign weight to Dr. Coffey's opinion, the argument still does not provide a basis for remand.

Dr. Coffey's observations and final opinion did not state any work-related restriction inconsistent with the ALJ's RFC finding. Dr. Coffey concluded Plaintiff's problems in communication meant that she could "understand, retain, and follow simple directions but has difficulty sustaining attention to perform simple, repetitive tasks due to her anxiety." (Tr. at 459). The ALJ's RFC finding limited Plaintiff not only to work involving simple, routine, and repetitive tasks but also to work with no "fast paced-production requirements," few workplace changes, and no interaction with members of the public. (Tr. at 26). Plaintiff's argument fails because Dr. Coffey's opinions were not more restrictive than the ALJ's RFC findings. Accordingly, the ALJ did not err.

### C. Substantial Evidence Supports the Limitations that the ALJ Included in His Hypothetical Question.

At step five of the disability determination, the ALJ may rely on the expertise of a vocational expert to determine whether a claimant can perform work that exists in significant numbers in the national economy given the plaintiff's work-related limitations. 20 C.F.R. §§ 404.1520(g), 404.1566(e). The vocational expert's opinion "must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). The ALJ's duty only requires him to ask the vocational expert about

a hypothetical individual with limitations supported by evidence in the record; conversely, an ALJ need not include limitations that are not supported by the record. Id. at 50; see also Hailey v. Comm'r of Soc. Sec., 284 F. App'x 100, 104-5 (4th Cir. 2008).

The ALJ's decision demonstrates that he considered and weighed the evidence, properly assessed Plaintiff's RFC, and posed a hypothetical question that incorporated all relevant work-related limitations supported by substantial evidence. Specifically, the ALJ limited Plaintiff to "frequent handling and fingering" at work based on (1) Plaintiff's report to Dr. Burgess that she was able to lift and carry light groceries, sit and prepare food, sweep on occasion, and take care of her personal needs without assistance; (2) Plaintiff's son's report that Plaintiff is able to take care of her personal needs, cook on occasion, and do some household chores; (3) Dr. Burgess' objective, physical testing that demonstrated Plaintiff's ability to use her hands without limitation; (4) treatment notes and x-rays spanning the years 2009 to 2014, demonstrating normal findings of Plaintiff's hands; and finally, (5) Dr. Kuncha's opinion that concluded Plaintiff's use of her hands should only be limited to frequent handling and fingering. (Tr. 30).

The ALJ did not err because substantial evidence supports the limitations that he included in his hypothetical question.

### IV. CONCLUSION

In sum, the Court is satisfied that the ALJ applied the correct legal standards and that substantial evidence supports his decision. The Court hereby GRANTS Defendant's Motion for Summary Judgment (Doc. No. 12); DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 11); and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: May 30, 2017

Frank D. Whitney
Chief United States District Judge